IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

CHARLIE NATTIEL,

    Plaintiff,

v.                                         CASE NO. 1:15-cv-00150-WTH-GRJ

FLORIDA DEPARTMENT OF CORRECTIONS,
MINDY TOMLINSON,

    Defendants.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING MOTION TO DISMISS

This cause comes on for consideration upon the Magistrate Judge's Report and Recommendation, ECF No. 91, regarding the Florida Department of Corrections' ("FDOC") Motion to Dismiss, ECF No. 70. The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). The FDOC has filed objections at ECF No. 92. I have made a de novo review based on those objections.

Having considered the Report and Recommendation, and the timely filed objections, I have determined that the Report and Recommendation should be adopted. In its motion to dismiss and later its objections, the FDOC argues that plaintiff did not exhaust his administrative remedies because he did not file a request for an accommodation prior to the use of chemical agents against him. The Florida Administrative Code provides a form which a prisoner must fill out to request an

accommodation before an accommodation will be provided by the FDOC.  Plaintiff concedes that he never filled out this form before he was sprayed with a chemical agent.

Prison officials, however, were aware of his asthma and glass eye and even assessed him several times for whether chemical agents should be used against him.  "[A] disabled person's failure to expressly 'request' an accommodation ... is not fatal to an ADA claim where the defendant otherwise had knowledge of an individual's disability and needs but took no action." *McCoy v. Texas Dep't of Criminal Justice*, 2006 WL 2331055 at *7 (S.D. Tex 2006) (citing *Taylor v. Principal Financial Group, Inc.*, 93 F.3d 155, 165 (5th Cir.1996); *Reed v. LePage Bakeries, Inc.*, 244 F.3d 254, 261 n. 7 (1st Cir.2001)).  "A specific demand may be unnecessary where the need for an accommodation is obvious." *Todd v. Carstarphen*, 236 F. Supp. 3d 1311, 1328 n 33. (N.D. Ga. 2017) (citing *Schwarz v. The Villages Charter Sch., Inc.*, 165 F.Supp.3d 1153, 1173 (M.D. Fla. 2016)).

Here, the FDOC obviously knew about his disabilities and obviously knew the concerns associated with using chemical agents on him, as they felt the need to assess whether such agents should be used against him.  In such circumstances, a specific demand for an accommodation may not be necessary to trigger the FDOC's duty to provide an accommodation.  Since the duty to accommodate arises without a formal request, filing one using the state-mandated form is not required to trigger the ADA or to exhaust administrative remedies.  What is required is for the plaintiff to use the grievance process to give the FDOC notice of the ADA claim and a chance to correct its own

mistakes. The Court agrees with the Magistrate Judge that plaintiff's grievances filed after chemical agents were used against him were "sufficient to put the FDOC on notice of the general basis of Plaintiff's ADA claim." ECF No. 91 at 14.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Magistrate Judge's Report and Recommendation, ECF No. 91, is adopted and incorporated by reference in this order.

2. The Florida Department of Corrections' Motion to Dismiss, ECF No. 70, is DENIED.

3. This case is remanded to the Magistrate Judge for further proceedings.

**DONE AND ORDERED** this *27th* day of November, 2017

_____
UNITED STATES DISTRICT JUDGE